Maximilian Moss, S.
In this probate proceeding petitioner claims that under the terms of the propounded instrument she is entitled to decedent’s net estate and to letters testamentary. The respondents have appeared and filed their consent to probate the instrument, but dispute petitioner’s claim. A construction is requested to determine whether the provisions of paragraph “Fourth” are operative and dispose of decedent’s estate.
The instrument is a joint and mutual will of decedent, Vasso Krusos, and her husband, Nick Krusos. He died first, on April 30, 1958, leaving only jointly owned property, and his will was therefore not probated. She died on December 13, 1958 leaving personal property. By said will each devised and bequeathed to the survivor the entire net estate, but made no alternative disposition in the event he or she predeceased, except as set forth in paragraph “Fourth” of the will. It is therein provided that in the event the deaths of both of them would occur “ simultaneously or approximately so, or as a result of a common accident or calamity, or under circumstances causing doubt as to which of us survived the other,” then the entire net estate was devised and bequeathed to Sophia Touliatou Argiros, sister of the decedent herein, and in identical eventualities nominated and appointed her executrix “ of this our joint and mutual will and testament.”
There is no claim that the deaths of husband and wife were the result of or caused by any of the eventualities specifically provided for, nor, as stated, does the will name any devisee or legatee substituting the predeceased husband. The propounded instrument having been validly executed must be admitted to probate. The conditions for the alternate disposition of decedent’s property not having eventuated, since her husband predeceased her, the result is that the property must be distributed as in intestacy.
The petitioner is not entitled to letters testamentary. Her designation as alternate executrix under subdivision “b” of paragraph ‘ ‘ Fourth ’ ’ of the will was to be effective only in *987 the event decedent’s death occurred under the circumstances set forth in subdivision “ a ” thereof. Since decedent did not die under such circumstances, the alternate appointment of petitioner as executrix fails. However, as a distributee petitioner is entitled to appointment as administratrix with the will annexed under subdivision 3 of section 133 of the Surrogate’s Court Act, the respondents being nonresident aliens. Letters will issue to her upon qualifying according to law.
Settle decree on notice.